# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, C. Don Herrington, being duly sworn, depose and state:

## AGENT BACKGROUND

I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"). I am presently assigned to the Office of the Resident Special Agent in Charge in Mobile, Alabama. I have been so employed with HSI since November 2009. As part of my daily duties as an HSI Special Agent, I investigate criminal violations relating to the national security of the United States such as drug smuggling, arms trafficking, and financial crimes, including money laundering and bulk cash smuggling. I am authorized by the Homeland Security Act of 2002 to perform various duties provided by laws and regulations. I am empowered to conduct investigations of offenses against the United States, conduct searches without warrant at the border or its functional equivalent, conduct inquiries related to alienage and removability, execute and serve search and arrest warrants, serve subpoenas and summonses, administer oaths, make arrests without warrant, require and receive information relating to offenses, and bear firearms.

## INTRODUCTION

Below, I have set forth only those facts necessary to establish probable cause that Segundo Dario Bravo Lopez ("Lopez") and Walther Dagoberto Vera Quijije ("Quijije") have violated 46 U.S.C. §§ 70503(a) (possession with intent to distribute cocaine on a vessel)[1] and 70506(b) (con-

---

[1] The elements of 46 U.S.C. § 70503(a) are: (1) the defendant was on board the vessel involved in this case; (2) the defendant knowingly possessed cocaine; (3) the defendant intended to distribute the cocaine; and (4) the weight of the cocaine was more than 5 kilograms.

1

spiracy to possess with intent to distribute cocaine on a vessel)[2] in June 2021 in the Southern District of Alabama and elsewhere. I am familiar with the information contained in this affidavit based upon my involvement in this investigation and based on my conversations with other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing arrest warrants for alleged violations of law, I did not include each fact known to me concerning this investigation. All dates, amounts, and locations described in my affidavit are approximations. The proffered facts are allegations only.

## PROBABLE CAUSE

On June 24, 2021, a U.S. Maritime Patrol Aircraft ("MPA") belonging to the United States Coast Guard ("USCG") was on routine patrol in the North Pacific Ocean and detected a suspect vessel operating in international waters 260 nautical miles south of Guatemala's border with Mexico.[3] USCG Cutter 'Dauntless' ("Dauntless") diverted to intercept, closed in on the suspect vessel, and launched its response assets to observe and contact the suspect vessel.

The MPA obtained a visual of the suspect vessel and remained covert while the USCG 'Over the Horizon' vessel ("Over the Horizon") approached the suspect vessel. The MPA then went overt and issued warning shots to the suspect vessel, which jettisoned items overboard. Dauntless marked the location of those items. Over the Horizon recovered one jettisoned package and

---

[2] The elements of 46 U.S.C. § 70506(b) are: (1) two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess with intent to distribute more than 5 kilograms of cocaine on a vessel, and (2) the defendant knew the unlawful purpose of the plan and willfully joined in it.

[3] Under 14 U.S.C. § 89(a), the Coast Guard has authority to "make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, for the prevention, detection, and suppression of violations of laws of the United States."

pocket litter as it approached the suspect vessel for interdiction. Meanwhile, the MPA issued disabling fire.

Over the Horizon gained control of the suspect vessel. Dauntless reported that three to four large packages were jettisoned during the pursuit and that additional packages were visible on the suspect vessel's deck. The suspect vessel yielded painted on marks consisting of four white stars with blue and red stripes on the port and starboard hull and two 12" x 18" stickers on the port and starboard quarter consisting of red, yellow, and blue horizontal stripes.

The two crewmembers onboard the suspect vessel – Lopez and Quijije – claimed Ecuadorian nationality for the vessel and claimed themselves to be Ecuadorian citizens or nationals. Thus, the Coast Guard enacted protocols and commenced a forms exchange. Ecuador responded to the forms exchange and could neither confirm nor deny the vessel's nationality. With this information, Dauntless was authorized to treat the vessel as without nationality and conduct a full law enforcement boarding. (The United States may assert subject-matter jurisdiction under 46 U.S.C. § 70502(c)(1)(A) if the suspect vessel was "a vessel without nationality.")

Tests conducted on the port beam and deck void of the suspect vessel returned positive results for cocaine. Two narcotics identification kit tests were used on the packages on the suspect vessel's deck. Both tested positive for cocaine. The USCG's boarding team discovered additional cocaine secreted in a false deck approximately five feet wide and eighteen inches deep running from the bow to the stern of the suspect vessel. At this point, Dauntless was authorized to treat Lopez and Quijije as detainees and embark them onboard the cutter. Dauntless completed the boarding and seized 863 kilograms of cocaine from the suspect vessel.

## CONCLUSION

I believe there is probable cause that Lopez and Quijije have violated 46 U.S.C. §§ 70503(a) and 70506(b) in June 2021 the Southern District of Alabama and elsewhere.

Dated July 2, 2021.

                                        Respectfully submitted,

                                        C. Don Herrington
                                        Special Agent
                                        Department of Homeland Security
                                        Homeland Security Investigations

THE ABOVE AGENT HAS ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS _____
DAY OF JULY, 2021.

U.S. Magistrate Judge Katherine P. Nelson
Digitally signed by U.S. Magistrate Judge Katherine P. Nelson
Date: 2021.07.02 15:02:00 -05'00'

_____
UNITED STATES MAGISTRATE JUDGE

4